Case 14-70344    Doc 57    Filed 05/09/14    Entered 05/09/14 08:58:54    Desc Main
Document      Page 1 of 3

2:14-cv-03794-SEM # 1    Filed: 06/30/14    Page 1 of 16

E-FILED
Monday, 30 June, 2014  04:38:23 PM
Clerk, U.S. District Court, ILCD

**IT IS SO ORDERED.**

**SIGNED THIS: May 9, 2014**

*Mary P. Gorman*
United States Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| In re: | ANTHONY JAMES GRASON, | Case No. | 14-70344 |
| | Debtor. | Chapter 13 | |

<u>**ORDER**</u>

A hearing having been held on May 7, 2014, on the following matter:

1) Motion for Relief from the Automatic Stay filed by HSBC Bank USA, N.A. as Trustee (#24)

IT IS ORDERED THAT:

-1-

10

| Matter | Action |
|---|---|

1. The Motion for Relief from Stay filed by HSBC Bank USA, N.A. as Trustee ("HSBC") is granted. The automatic stay is modified as to HSBC with respect to the property commonly known as 4202 West Route 36, Decatur, Illinois. HSBC may proceed with its foreclosure action and pursue all remedies available under state law. The provisions of Fed. R. Bankr. P. 4001(a)(3) are waived, and this Order is effective immediately upon entry.

   Stay relief is granted pursuant to §362(d)(4). 11 U.S.C. §362(d)(4). This Court finds that the filing of the petition in this case was part of a scheme to delay and hinder HSBC. Specifically, the Debtor, Anthony Grason, has filed multiple bankruptcies with the express intent of delaying and hindering HSBC's rights to foreclose upon the real property at 4202 West Route 36, Decatur, Illinois.

   HSBC filed its foreclosure action in Macon County, Illinois, in March 2008. Since that time, the Debtor has filed four bankruptcy cases including case #08-71631 filed on July 8, 2008; case #09-71353 filed on May 5, 2009; case #09-72064 filed on July 13, 2009; and this case filed on March 5, 2014. The Debtor's cases filed in 2008 and 2009 were all dismissed due to failures of the Debtor to file required documents and to otherwise comply with his statutory duties. Although each of the cases was a Chapter 13 case, no Chapter 13 plan was ever confirmed in any of the cases, and no creditor was ever paid a penny through any of the cases. Each case was filed for the purpose of obtaining the protection of the automatic stay and to stop the foreclosure action pending in state court from proceeding. Specifically, case #09-71353 was filed literally minutes before a sheriff's sale of the property was scheduled to take place in Macon County. This case was filed just the day before another sheriff's sale was scheduled to occur.

   As will be set forth in more detail in this Court's Order regarding HSBC's Motion to Dismiss, the Debtor does not appear to have any

intent to reorganize under Chapter 13 and pay his debts. More importantly, the Debtor, through his own testimony, established that he does not have the financial ability to reorganize and pay his debts as would be required to obtain confirmation of a Chapter 13 plan. The Debtor has made no provision for the payment of any amounts to HSBC either through his Chapter 13 plan or directly.

Because this Order is entered pursuant to §362(d)(4), if HSBC records the Order in accordance with applicable Illinois law, the stay relief granted here will remain in effect for a period of two years after the date of this Order with respect to the property described herein, and no other bankruptcy case filed within the two-year period will affect the property or result in the imposition of an automatic stay as to actions affecting the property.

Go to *www.ilcb.uscourts.gov* for information regarding this court's mandatory electronic filing policy.

###

**IT IS SO ORDERED.**

**SIGNED THIS: May 9, 2014**

_____
**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:    ANTHONY JAMES GRASON,            Case No.    14-70344

Debtor.            Chapter 13

**ORDER**

A hearing having been held on May 7, 2014, on the following matters:

1) Motion to Dismiss (#25) filed by HSBC Bank USA, N.A. as Trustee

2) Trustee's Motion to Dismiss (#26)

IT IS ORDERED THAT:

-1-

| Matter | Action |
|---|---|
| 1,2 | The Motion to Dismiss filed by HSBC Bank USA, N.A. as Trustee and the Motion to Dismiss filed by the Chapter 13 Trustee are granted. This case is dismissed.<br><br>The Debtor, Anthony Grason, is not eligible to be a debtor under Chapter 13. To be eligible, a Chapter 13 debtor must be an individual "with regular income[.]" 11 U.S.C. §109(e). The Debtor here does not have regular income and appears to have no meaningful income whatsoever.<br><br>Prior to the creditors' meeting, the Debtor was required to provide to the Trustee a copy of his federal income tax return for the most recent year for which a return was required to be filed. 11 U.S.C. §521(e)(2)(A)(i). The Debtor provided the Trustee with an IRS tax transcript for the period ending December 31, 2008, and represented that 2008 was the last year for which he was required to file a federal return. At the hearing, the Debtor testified that he did not file federal income tax returns for the years 2009, 2010, 2011, 2012, and 2013 because in each of those years he did not have sufficient income to be required to file. This information strongly suggests that the Debtor has no regular income to fund a Chapter 13 plan.<br><br>The Debtor says he now has $2500 per month in self employment income but he has provided the Trustee with no documentation of the source of the income and no proof that he does, in fact, earn that amount. His fiancée, Emily Smith, testified that she would contribute money each month for plan payments. But she previously wrote to the Trustee conditioning her proposed $2150 per month contribution upon the return to the Debtor of possession of real estate located at 4202 West Route 36, Decatur, Illinois. By separate order, this Court has granted stay relief on that property to a secured creditor and, accordingly, Ms. Smith's contribution is |

unlikely to be forthcoming. In any event, she has no duty to contribute to the Debtor's plan and her promise to do so, conditional or not, does not provide evidence that the Debtor has regular income. Based on his Schedules I and J, the Debtor would need not only Ms. Smith's contributions but also contributions from both of his parents, along with his alleged $2500 per month in income, to pay his monthly expenses and pay his plan payments as now proposed. In the absence of any evidence that he actually earns the self employment income, he is not eligible to be a Chapter 13 debtor and his case must be dismissed.

The Debtor was also required to provide the Trustee with copies of payment advices or other evidence of payments from employers received within the 60 days before filing. 11 U.S.C. §521(a)(1)(B)(iv). Additionally, the Debtor should have provided the Trustee with a statement of his monthly net income itemized to show how it was calculated. 11 U.S.C. §521(a)(1)(B)(v). The Debtor has provided no such information to the Trustee. Failure to provide the information within 45 days of the case filing also compels dismissal. 11 U.S.C. §521(i)(1).

This case must also be dismissed because of the Debtor's unreasonable delay which is prejudicial to creditors. 11 U.S.C. §1307(c)(1). As set forth above, the Debtor has not submitted the financial information required by the Code to be provided to the Trustee. The Debtor admits that his schedules and other documents are incomplete and inaccurate but he has failed to make necessary corrections. His First Amended Plan proposes to wait until June 15, 2014, before his payments to the Trustee begin notwithstanding the Code requirement that plan payments start within 30 days of a case filing. 11 U.S.C. 1326(a)(1).

The Debtor obviously filed this case to address his mortgage debt to HSBC Bank, USA, N.A. as Trustee ("HSBC") related to real estate at 4202 West Route 36, Decatur, Illinois, but his plan fails to provide any payment on that debt. He admits that an amended plan must be filed but he has yet to file a plan which could be confirmed. And if he filed an amended plan which included payment of the HSBC debt, the monthly payment amount would be

significantly higher than what he is proposing now. As he has provided no evidence that he can pay the amounts currently proposed, it is unlikely that he could pay significantly higher amounts.

This is the Debtor's fourth Chapter 13 case in six years. In none of his cases has he ever paid a penny to any creditor. Each case has been used simply to buy time and delay creditors. Dismissal for unreasonable delay is appropriate.

By separate Order, this Court granted stay relief to HSBC. Because the relief was granted under §362(d)(4), if HSBC records the Order, any case filed by the Debtor during the next two years will not affect the real estate at 4202 West Route 36, Decatur, Illinois. And §362(d)(3) would limit any stay that might go into effect with a renewed filing within the next year to 30 days as to creditors other than HSBC. Because the Debtor cannot get a stay as to the property involved with the HSBC debt for two years and would get only a short-term stay as to other creditors, this Court believes the Debtor should be sufficiently deterred from refiling. No further bar to refiling will be imposed at this time.

Go to *www.ilcb.uscourts.gov* for information
regarding this court's mandatory electronic filing policy.

###

-4-

**IT IS SO ORDERED.**

**SIGNED THIS: May 9, 2014**

_____
Mary P. Gorman
United States Chief Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:     ANTHONY JAMES GRASON,          Case No.      14-70344

           Debtor.                         Chapter 13

## ORDER

A hearing having been held on May 7, 2014, on the following matters:

1) Debtor's Motion to Dismiss Claim and Adverse Lien of Karl Meurlot and C. Deadrick Development, Inc. (#43)

2) Debtor's Motion to Dismiss Secured Claim of HSBC Bank, USA (#52)

-1-

IT IS ORDERED THAT:

| Matter | Action |
|---|---|
| 1,2 | Debtor's Motion to Dismiss Claim and Adverse Lien of Karl Meurlot and C. Deadrick Development, Inc. and Debtor's Motion to Dismiss Secured Claim of HSBC Bank, USA are both denied without prejudice. Both motions are moot due to the dismissal of this case. |

Go to *www.ilcb.uscourts.gov* for information
regarding this court's mandatory electronic filing policy.

###

**IT IS SO ORDERED.**

**SIGNED THIS: May 9, 2014**

*[signature: Mary F. Gorman]*

**Mary P. Gorman**
**United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:   ANTHONY JAMES GRASON,   Case No.   14-70344

　　　　　　　　　Debtor.   Chapter 13

### ORDER

A hearing having been held on May 7, 2014, on the following matters:

1) Emergency Motion for Turnover (#16)
2) Custodian's Motion to Excuse Compliance with 11 U.S.C. §543 (#39)
3) Motion for Accounting (#41)

-1-

IT IS ORDERED THAT:

| Matter | Action |
|---|---|
| 1,2,3 | The Debtor's Emergency Motion for Turnover, the Custodian's Motion to Excuse Compliance with 11 U.S.C. §543, and the Debtor's Motion for Accounting are all denied without prejudice. The matters raised by each of the motions are moot due to the dismissal of this case. |
| | Nothing in this Order should be construed as condoning the conduct of C. Deadrick Development, Inc. for its failure to promptly comply with its obligations under §543. When a custodian of estate property, including a state-court-appointed receiver, receives notice of a bankruptcy filing, it must either turn over the estate property in its possession or seek relief from that statutory obligation. 11 U.S.C. §543(b). Although the Court understands why C. Deadrick Development, Inc. did not want to turn over the real estate in its possession to the Debtor, no explanation was provided as to why prompt relief from the obligation was not requested. |

Go to *www.ilcb.uscourts.gov* for information
regarding this court's mandatory electronic filing policy.

### 

-2-

**Notice Recipients**

District/Off: 0753−3  User: jfox1  Date Created: 5/9/2014
Case: 14−70344  Form ID: pdf012  Total: 1

**Recipients of Notice of Electronic Filing:**
ust     U.S. Trustee     USTPRegion10.PE.ECF@usdoj.gov

TOTAL: 1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF ILLINOIS

2014 MAY 23 PM 2:08

FILED

In Re Anthony J. Grason                    CASE NO.  14-70344

                                           Chapter  13

[Caption as in Form 16A, 16B, or 16D, as appropriate]

## NOTICE OF APPEAL

Anthony Grason, Debtor-Appellant Pro Se appeals the following under 28 U.S.C. 158(a) or (b) from the judgment, order or decree of the Bankruptcy Judge Gorman entered in this above bankruptcy case or bankruptcy proceeding on the 9th day of MAY, 2014:

1. Order granting Motion for Relief from the Automatic Stay filed by HSBC bank USA, N.A. as trustee (#24)

2. Order granting Motion to Dismiss (#25) filed by HSBC Bank USA, N.A. as trustee.

3. Order granting Trustee's Motion to Dismiss (#26)

4. Order denying Debtor's Motion to Dismiss Claim and Adverse lien of Karl Meurlot and C. Deadrick Development, Inc. (#43)

5. Order deny Debtor's Motion to Dismiss Secured Claim of HSBC Bank USA (#52).

6. Order denying Debtor's Emergency Motion for Turnover (#16)

7. Order denying Debtor's Custodian's Motion to Excuse Compliance with 11 USC 543 (#39)

8. Order denying Debtor's Motion for Accounting (#41)

The names of all parties to the judgment, order, or decree appealed from the names, addresses, and telephone numbers of their respective attorneys are as follows:

| Attorney Karl Meurlot | Attorney Gordon Gates | Attorney Justin Carter | Trustee John Germerrad |
|---|---|---|---|
| 403 North Main St. | 1231 South Eight St. | 1 E. Wacker Dr., suite 2500 | P.O. Box 257 |
| Decatur IL. 62523 | Springfield, IL. 62703 | Chicago, IL. 60601 | Petersburg, IL. 62675 |

Dated ___ MAY 23rd, 2014 ___

Signed: _____ Pro Se Debtor-Appellant

Address: 357 W. DECATUR ST.

DECATUR, IL. 62522

Telephone (217) 423-5000

Form trnsntc2

## UNITED STATES BANKRUPTCY COURT

Central District of Illinois
226 US Courthouse
600 E Monroe Street
Springfield, IL 62701

*In Re:* Anthony James Grason　　　　　*Case No.:* 14−70344
*Debtor*

*Chapter:* 13

### NOTICE RE: PROCEDURES FOR FILING DESIGNATION OF CONTENTS AND ORDERING TRANSCRIPTS

*Notice is hereby provided*

The notice of Appeal to District Court, filed by Anthony Grason in the above entitled case, was received and filed in this office on 5/23/14.

- ☑ We direct your attention to Part VIII of the Rules of Bankruptcy Procedures, with special notice to Rule 8006.
  The Docket is available on PACER (Public Access to Court Electronic Records) to assist you in preparing the Designation of Contents.
  Information regarding ordering transcripts can be found on the Court's website (www.ilcb.uscourts.gov) under General Court Information/Manual for Practitioners.

- ☐ We have not received your designation of items to be included in the record on appeal. If not received on or before , the Clerk's Office will prepare an appeal record that includes only the notice of appeal, the order appealed, and the dockets.

- ☐ Other:

*Dated:* 5/23/14

　　　　　　　　　　　　　　　　　　　　Khadijia V. Thomas
　　　　　　　　　　　　　　　　　　　　Clerk, U.S. Bankruptcy Court

Go to *www.ilcb.uscourts.gov* for information regarding this court's *mandatory* electronic filing policy.

Form trnsntc2

**UNITED STATES BANKRUPTCY COURT**

Central District of Illinois
226 US Courthouse
600 E Monroe Street
Springfield, IL 62701

| | |
|---|---|
| *In Re:* Anthony James Grason<br>*Debtor* | *Case No.:* 14−70344 |
| | *Chapter:* 13 |

### NOTICE RE: PROCEDURES FOR FILING DESIGNATION OF CONTENTS AND ORDERING TRANSCRIPTS

*Notice is hereby provided*

　　The notice of Appeal to District Court, filed by Anthony James Grason in the above entitled case, was received and filed in this office on 5/23/14.

☐　We direct your attention to Part VIII of the Rules of Bankruptcy Procedures, with special notice to Rule 8006.
　　The Docket is available on PACER (Public Access to Court Electronic Records) to assist you in preparing the Designation of Contents.
　　Information regarding ordering transcripts can be found on the Court's website (www.ilcb.uscourts.gov) under General Court Information/Manual for Practitioners.

☑　We have not received your designation of items to be included in the record on appeal. If not received on or before **6/27/14**, the Clerk's Office will prepare an appeal record that includes only the notice of appeal, the order appealed, and the dockets.

☐　Other:

*Dated:* 6/13/14

　　　　　　　　　　　　　　　　　　　　　　　　　Khadijia V. Thomas
　　　　　　　　　　　　　　　　　　　　　　　　　Clerk, U.S. Bankruptcy Court

　　Go to ***www.ilcb.uscourts.gov*** for information regarding this court's ***mandatory*** electronic filing policy.